IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOWARD W. RAMSEY,

    Plaintiff,

vs.                                Civil Action 2:11-CV-1123
                                  Judge Sargus
                                  Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

This case sought review, under the provisions of 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security denying plaintiff's applications for disability insurance benefits and supplemental security income. On February 22, 2013, this Court reversed the decision of the Commissioner and remanded the action to the Commissioner for further proceedings. *Order*, Doc. No. 19. Final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g) was entered that same date. *Judgment*, Doc. No. 20. This matter is now before the Court on plaintiff's *Application for Attorney Fees Under the Equal Access to Justice Act* ("*Plaintiff's Motion*"), Doc. No. 21. Plaintiff specifically seeks an award of $3,924.23 for 20.80 hours of work compensated at an average hourly rate of approximately $188.66 per hour. *Plaintiff's Motion*, p. 1. The Commissioner opposes plaintiff's request for fees on the basis that an award should be paid directly to plaintiff, instead of to his attorney. *Defendant's Response to Plaintiff's Petition for Attorney Fees and Costs*

1

*Pursuant to the Equal Access to Justice Act, 20 U.S.C. § 2412* ("*Commissioner's Response*"), Doc. No. 22, p. 2. Plaintiff has filed a reply. *Plaintiff's Reply*, Doc. No. 23. For the reasons that follow, *Plaintiff's Motion* is **GRANTED** in part.

## II. STANDARD

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, authorizes an award of fees incurred in connection with judicial proceedings:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), the United States Supreme Court explained that, under the EAJA,

> eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Id*. at 158.

## III. DISCUSSION

Plaintiff seeks a total award of $3,924.23. *Plaintiff's Motion*, p. 1. The Commissioner does not argue that plaintiff is not a prevailing party, that its litigation position was substantially justified, or that the proposed hourly rate or hours billed are unreasonable. Instead, the Commissioner opposes *Plaintiff's Motion* on the basis that it requests direct payment to plaintiff's counsel. *Commissioner's Response*, p. 2.

2

Plaintiff asks that any fees awarded be paid directly to his attorney, consistent with his assignment of EAJA fees. *See Plaintiff Howard W. Ramsey's Affidavit and Assignment of EAJA Fee*, attached to *Plaintiff's Reply* as Doc. No. 23-1. The United States Supreme Court has determined that any fees awarded to a prevailing party under the EAJA belong to the litigant, not to his attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010). Fees can be awarded directly to an attorney, however, where the litigant does not owe a debt to the government and assigns the right to receive fees to the attorney. *Id.* at 2529.

In the case presently before the Court, it is unclear whether plaintiff owes a debt to the government. Accordingly, the Court concludes that, under *Ratliff*, the proper course is to award fees directly to plaintiff and remain silent as to the ultimate disposition of those fees. *See Oliver v. Comm'r of Soc. Sec.*, No. 2:11-cv-447, 2013 WL 65429 (S.D. Ohio Jan. 4, 2013).

For the foregoing reasons, *Plaintiff's Motion*, Doc. No. 21, is **GRANTED** in part. Plaintiff is **AWARDED** an attorney fee under the Equal Access to Justice Act in the amount of $3,924.23.

4-24-2013
Date

Edmund A. Sargus, Jr.
United States District Judge

3